IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

DARIN J. HALEY     PLAINTIFF
521 Genrose Drive
Rineyville, Kentucky 40162

v.

Case No. 3:18-cv-59-CRS

Judge Charles R. Simpson, III

SPECIALIZED LOAN SERVICING, INC.     DEFENDANTS
8742 Lucent Boulevard, Suite 300
Highlands Ranch, Colorado 80129-2386

      SERVE:    Capitol Corporate Services, Inc.
                     828 Lane Allen Road, Suite 219
                     Lexington, Kentucky 40504
                     (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main St.
                     Frankfort, KY 40601
                     (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Darin J. Haley, by counsel, and for his Verified Complaint against the

Defendants, Specialized Loan Servicinc ("SLS") and Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes, SLS's false reporting to Equifax of an alleged delinquent debt, and Defendants' failure to correct SLS's false reporting on Plaintiff's credit report.

## II. PARTIES

2. Plaintiff, Darin J. Haley, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 521 Genrose Drive, Rineyville, Kentucky 40162.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, SLS, is Colorado Corporation doing business in the Commonwealth of Kentucky with its principal place of business at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129.

5. SLS is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6. Defendant, Equifax, is a limited liability corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

10. In or around May 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax credit report and discovered that SLS was reporting that Plaintiff's SLS's account was past due and owing to SLS in the amount of $25,744.

11. In or around December 2014, SLS charged off Plaintiff's debt in the amount of $25,744.00, presumably Plaintiff's remaining balance on the SLS account, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

12. Immediately upon discovering SLS's false and derogatory tradeline which showed an alleged balance due and owing to SLS, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the SLS tradeline given SLS's forgiveness and discharge of the alleged debt.

13. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified SLS of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

14. In June 2017, SLS and Equifax verified the alleged past due SLS account reporting on Plaintiff's credit report.

15. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, SLS and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

16. Upon information and belief, SLS and Equifax did not evaluate or consider any of

3

Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following SLS's and Equifax's receipt of Plaintiff's dispute.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due SLS account.

## V. CLAIMS

### Negligence – SLS

18. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. SLS's failure to investigate Plaintiff's disputes and its false reporting to Equifax, and regarding the SLS tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the SLS account, SLS breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

20. SLS's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due SLS account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

21. SLS's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the SLS tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

22.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the SLS tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

24.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the SLS tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

25.     Equifax's negligent failure delete and/or amend its reporting of the SLS tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

26.     Equifax's failure to delete and/or amend its reporting of the SLS tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – SLS

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     SLS, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has a past due and payable SLS account. SLS's statements were false and were made with conscious disregard

for the rights of the Plaintiff.

29. SLS's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due SLS account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to SLS and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due and payable account with SLS. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

32. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due SLS account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – SLS

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. SLS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due and payable SLS account are violations of SLS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

35. SLS's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which SLS is liable to Plaintiff for Plaintiff's actual damages,

for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

35. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed SLS account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – SLS

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. SLS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due and payable SLS account, despite SLS's knowledge of the falsity of its reporting, are willful violations of SLS's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

40. Given SLS's knowledge of the falsity of its reporting, SLS's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which SLS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the SLS account despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

43. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

44. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Darin J. Haley, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and coSLS; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Darin J. Haley, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Darin J. Haley

COMMONWEALTH OF KENTUCKY   )
                                                        ) SS
COUNTY OF HARDIN                          )

Subscribed, sworn to and acknowledged before me by Darin J. Haley this 26th day of January, 2018.

Notary Public
Commission expires: 5/25/42